Case 25-02001   Document 43   Filed in TXSB on 08/19/25   Page 1 of 14
United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 19, 2025
Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO: 24-20119 |
| CLINT MATTHEW WALLACE, *et al.*, | § § § | CHAPTER 7 |
| Debtors. | § § § | |
| CLINT MATTHEW WALLACE, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | ADVERSARY NO. 25-2001 |
| TWO BOBCATS, INC., *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION

This Opinion addresses three motions concerning whether Two Bobcats, Inc. ("TBI") and Andrew Cook willfully violated the discharge injunction.

For the reasons stated below, TBI and Cook are each held in civil contempt for willful violation of the discharge injunction. Cook's dismissal motion and sanctions motion are denied.

## BACKGROUND

Clint Matthew Wallace and Sarah W. Wallace are a married couple who, on April 23, 2024, filed a joint voluntary petition under chapter 7 of the Bankruptcy Code. They received their discharge on August 21, 2024. The discharge order expressly prohibits any attempt to collect discharged debts as personal liability of the Wallaces.

1 / 14

Before the bankruptcy filing, Mr. Wallace operated Eminent Ecom, LLC, formed in Wyoming. Eminent provided services to assist start-ups with their Amazon private label businesses. ECF No. 24 at 3.

Eminent entered into a Proposal and Services Agreement with Two Bobcats, Inc., an Ohio limited liability company owned by Andrew Cook. The Agreement was signed by Mr. Wallace, in his capacity as an officer of Eminent, and by Cook, in his capacity of officer of TBI. Under the Agreement, TBI paid Eminent $35,000.00 in consideration to launch a private label product on Amazon. ECF No. 24-3.

At the time of the Filing, the Wallaces did not list TBI or Cook as creditors who had claims against the Wallaces in their personal capacity. Post-petition, the Wallaces allege that they learned that TBI and Cook may be pursuing a cause of action against them personally. ECF No. 24 at 4. Because they were unaware of the assertion of personal liability against them, the Wallaces did not initially list either Cook or TBI as a creditor.

Joel Gonzalez, attorney for the Wallaces, sent notice of the Wallaces' chapter 7 bankruptcy case to Thomas Eisweirth, attorney for TBI and Cook, on June 19, 2024. ECF No. 24-2. On June 20, 2024, the Chapter 7 Trustee moved to extend the deadline to object to discharge to August 19, 2024. ECF No. 36 at 5. On July 15, 2024, the Court granted the Trustee's motion and extended the discharge objection deadline to August 19, 2024. TBI and Cook did not object to discharge by the deadline. ECF No. 36 at 5. On August 21, 2024, the Court entered its Discharge Order. The Discharge Order is on Official Form 318. Official Form 318 includes an "Explanation of Bankruptcy Discharge in a Chapter 7 Case." The Official Form's explanation provides in part:

> This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to

> collect the debt personally.  Creditors who violate this order can be required to pay debtors damages and attorney's fees.

Case No. 24-20119, ECF No. 29.  TBI and Cook were never sent direct notice of the discharge order, as they were not listed as creditors on the Wallaces's schedules.  The certificate of service confirms that they did not receive notice of the discharge order.  Case No. 24-20119, ECF No. 31.

Two weeks after entry of the Discharge Order, attorneyEisweirth, sent a formal demand letter addressed to the Wallaces. ECF No. 24-3.  The letter seeks:

- Immediate reimbursement of $35,000 paid for the "Business in a Box" program.

- Immediate reimbursement of the additional $8,747.50 paid for marketing services.

- Compensation in the amount of $10,000 for the distress and inconvenience caused by your fraudulent and deceptive conduct.

- Recovery of attorneys' fees and court costs incurred in pursuing this matter.

ECF No. 24-3 at 3.  In response, Gonzalez informed Eisweirth of the November 15 proof of claim bar date and the Wallaces' discharge of their personal debts. ECF No. 24-4 at 3, 5, 6.  Five days after the demand letter was sent, TBI was served with the notice of the claim bar date. ECF No. 33.

On October 7, 2024, Eisweirth filed for arbitration between TBI and Mr. Wallace over the same claims from the demand letter. ECF No. 24-6 at 1.  The arbitrator declined to proceed with arbitration after Mr. Wallace submitted documentation of his personal discharge on November 8, 2024. ECF No. 39 at 3.  TBI then amended its arbitration proceedings to replace Mr. Wallace with Eminent. ECF No. 39 at 3.

The claim bar date passed on November 15, 2024 without TBI or Cook submitting a proof of claim. Case No. 24-20119, ECF No. 37 at 2. TBI moved for extension to object to discharge and to file a proof of claim. Case No. 24-20119, ECF No. 37 at 3. The Court denied the requested extension. Case No. 24-20119, ECF No. 27.

The Wallaces commenced this adversary proceeding on April 24, 2025, accusing TBI and Cook of willfully violating the discharge injunction. ECF No. 1 at 17.

## JURISDICTION

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(b). This is a core proceeding under 28 U.S.C. § 157(b). Pursuant to 28 U.S.C. § 157(a), this proceeding has been referred to the Bankruptcy Court by General Order 2012-6.

## LEGAL STANDARDS

### I. DISMISSAL STANDARD

The Court reviews motions under Federal Rule of Civil Procedure 12(b)(6) "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007). However, the Court will not strain to find inferences favorable to the plaintiff. *Southland Sec. Corp. v. INSpire Ins. Sols. Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

Motions to dismiss for failure to state a claim upon which relief can be granted "are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005)). To avoid dismissal under Rule 12(b)(6), the plaintiff must provide sufficient factual matter to state a claim for relief that is plausible on its face when accepting that factual matter as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly,* 550 U.S. at 556). The plausibility standard asks for more than "a sheer possibility that the defendant acted unlawfully." *Id.*; *see Lormand*, 565 F.3d at 232 ("[A] complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" (quoting *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007))).

## II.   SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact means that evidence is such that a reasonable fact finder "could return a verdict for the nonmoving party." *Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). It is the movant's burden to establish that no genuine issue of material fact exists. *Sossamon v. Lone Star State*, 560 F.3d 316, 326 (5th Cir. 2009) (citing *Condrey v. SunTrust Bank,* 429 F.3d 556, 562 (5th Cir. 2005)). A party asserting that a fact cannot be or is not genuinely disputed must support that assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support that fact. FED. R. CIV. P. 56(c)(1). If the movant establishes "the absence of evidence supporting an essential element of the non-movant's case," the burden shifts to the non-movant to establish a genuine dispute of material fact. *Sossamon*, 560 F.3d at 326 (citing *Condrey*, 429 F.3d at 562).

In ruling on a motion for summary judgment, a court should view the facts and evidence in light most favorable to the non-moving party. *Plumhoff v. Rickard*, 572 U.S. 765, 768 (2014). Nevertheless, the court is not obligated to search the record for the non-moving party's evidence. *Keen v. Miller Env't Grp., Inc.*, 702 F.3d 239, 249 (5th Cir. 2012).

"Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015). The Court need only consider the cited materials, but it may consider other materials in the record. FED. R. CIV. P. 56(c)(3). The Court should not weigh the evidence. *Aubrey v. Sch. Bd. of Lafayette Par.*, 92 F.3d 316, 318 (5th Cir. 1996). A credibility determination may not be part of the summary judgment analysis. *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014).

## DISCUSSION

### I. TBI'S MOTION TO DISMISS

TBI moves to dismiss this adversary proceeding against Cook on the following grounds: (1) lack of personal jurisdiction over Cook, (2) the Complaint fails to identify any action taken by Cook, and (3) Texas law shields Cook from personal liability for corporate conduct. ECF No. 28. None of the arguments are availing.

TBI argues that this Court lacks personal jurisdiction over Cook because he is an Ohio resident who has not engaged in conduct directed at this forum. That is not the relevant inquiry. In the bankruptcy context, this court can exercise personal jurisdiction over a party located in the United States regardless of whether the party has sufficient minimum contacts with Texas. *See Double Eagle Energy Servs., L.L.C. v. MarkWest Utica EMG, L.L.C.*, 936 F.3d 260, 264 (5th Cir. 2019). The Wallaces' suit is a "civil proceeding[] . . . arising under" a bankruptcy case. 28 U.S.C. § 1334(b). The Bankruptcy Rules, therefore, apply here. Bankruptcy Rule 7004(d) provides for nationwide service of process. FED. R. BANKR. P. 7004(d). Because nationwide service is authorized, minimum contacts with the United States satisfies due process. *See Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255, 1258 (5th Cir. 1994) ("[W]hen a federal court is attempting to exercise personal jurisdiction over a defendant in a suit based upon a federal statute providing for nationwide service of process, the relevant inquiry

is whether the defendant has had minimum contacts with the United States."). Residents of the United States have sufficient contact with the United States that pulling them into federal court "does not offend traditional notions of fair play and substantial justice." *Id.* at 1258.

Cook is a resident of the United States. He was served with summons and a copy of the complaint by first class mail. ECF No. 27. The Court has personal jurisdiction over Cook.

Next, TBI argues that the Complaint fails to identify any act by Cook. ECF No. 28 at 3. The Complaint contains one allegation concerning Cook's conduct:

- "Defendants [TBI and Cook], through their attorney Thomas J. Eisweirth ("Mr. Eisweirth"), sent Mr. and Mrs. Wallace and Eminent a Formal Demand for Relief."). ECF No. 24 at 6.

The Complaint refers to the Demand Letter, which is replete with specific allegations made by Cook against the Wallaces. *See infra* p. 12–13. Cook may not make a personal demand and hide behind a corporate shield at the same time.

The Complaint also contains allegations concerning attorney Eisweirth's conduct:

- "Mr. Gonzales [bankruptcy attorney for the Wallaces] sought to remind Mr. Eisweirth of the discharge, and asked him to reconsider his position. Mr. Eisweirth wrote that Defendant 'will go straight to district court without concern for any discharge.'" ECF No. 24 at 7.

- "[On] October 7, 2024, a Demand for Arbitration was submitted by Mr. Eisweirth on behalf of TDI as the claimant and named only Mr. Wallace as the sole respondent." ECF No. 24 at 8.

Eisweirth is counsel for both TDI and Cook. The Supreme Court has ruled that "clients must be held accountable for the acts and omissions

of their attorneys." *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993); *Link v. Wabash R. Co.*, 370 U.S. 626, 633–34 (1962) (holding that "a client may be made to suffer the consequence of dismissal of its lawsuit because of its attorney's failure to attend a scheduled pretrial conference"). This principle serves the underlying rationale of agency law.

> "Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney'."

*Link*, 370 U.S. at 633–34.

Under this principle, Cook is liable for the actions of Eisweirth within the scope of the representation.

The dismissal motion lastly argues that Cook is not personally liable for corporate conduct. ECF No. 24 at 4. This argument completely misses the mark. The Complaint is not seeking to impose TBI's corporate liability onto Cook through theories of alter ego or veil-piercing. The Complaint clearly pleads that the Wallaces were harmed by Cook, TBI, or both. Indeed, the formal demand letter sent by Eisweirth post-discharge identifies that "Mr. Cook possesses several claims against Eminent Ecom and you, personally . . . ." ECF No. 24-3 at 2.

The Motion to Dismiss is denied.

## II. THE WALLACES' MOTION FOR SUMMARY JUDGMENT

The Wallaces seek a summary judgment finding that TBI and Cook are jointly and severally liable for the willful violation of the discharge injunction. ECF No. 36. The Wallaces argue that the Demand Letter, sent by Eisweirth on behalf of Cook and TBI, sought to collect a prepetition debt from the Wallaces personally. ECF No. 36 at 12.

A discharge in a case under the Bankruptcy Code "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act to collect, recover or offset any such debt as a personal liability of the debtor . . . ." 11 U.S.C. § 524(a)(2). The discharge injunction serves a fundamental principle of bankruptcy law: allowing the debtor to receive a "fresh start." *See Marrama v. Citizens Bank*, 549 U.S. 365, 367 (2007) ("The principal purpose of the Bankruptcy Code is to grant a 'fresh start' to the 'honest but unfortunate debtor'." (citation omitted)). A party who violates the discharge injunction may be found in civil contempt of the court. *In re Fauser*, 545 B.R. 907, 912 (Bankr. S.D. Tex, 2016).

For willful violations of the discharge injunction, courts can award the injured party actual damages, emotional distress damages, and attorney's fees. *Id.* To support a finding of *willful* violation of § 524(a)(2), the offending creditor must "(1) know the injunction has been entered, and (2) intend[] the actions that violate it." *Id.* (citation omitted); . The intent to violate the discharge is not relevant to the inquiry of willfulness. *See In re Ritchey*, 512 B.R. 847, 858 (Bankr. S.D. Tex. 2014). Rather, the second prong is satisfied when the creditor intends to commit the act that violates the discharge injunction. *Id.*

### A. TBI's Liability

TBI does not dispute that it sent the Demand Letter seeking prepetition damages against the Wallaces and filed an arbitration demand to Mr. Wallace for the same claims in the Letter. Those acts are clearly post-discharge acts to collect on prepetition debt for purposes of § 524(a)(2).

TBI asserts that its post-discharge conduct was "objectively reasonable" and as such, contempt sanctions are unwarranted. ECF No. 39 at 6. TBI argues that it was not served notice of the claim bar date as of the date that the Demand Letter was sent and did not receive notice of the discharge injunction. Further, TBI argues that unscheduled debts are not discharged in no-asset Chapter 7 cases without a bar date and that TBI did not act with the purpose or intent to violate the discharge.

Whether TBI should be held in contempt turns on whether its violation of the discharge was objectively unreasonable. The prevailing law is that a "court may hold a creditor in civil contempt for violating a discharge order where there is not a "fair ground of doubt" as to whether the creditor's conduct might be lawful under the discharge order." *Taggart v. Lorenzen*, 587 U.S. 554, 565 (2019). A creditor's good faith subjective belief is irrelevant, the proper standard governing civil contempt is an objective one. *See id.*

Under the proper standard, TBI's argument that it did not act with the purpose or intent to violate the discharge is unavailing. The Wallaces's discharge order expressly prohibits creditors from contacting "the debtors by mail, phone, or otherwise in any attempt to collect the [discharged] debt personally." Case No. 24-20119 at 29. TBI acknowledged the discharge in its September 6 Demand Letter. *See* ECF No. 24-3 ("These misrepresentations constitute fraud under Texas law, and we will seek to have the debt excepted from discharge under Section 523(a)(2)(A) of the Bankruptcy Code. . . . [W]e will pursue all available legal remedies, including seeking an exception to the discharge in your bankruptcy case . . . ."). Additionally, the Wallaces's bankruptcy attorney informed TBI of the discharge over email which reads in part: "As you are aware both Clint and Sarah Wallace filed for a personal chapter 7 bankruptcy and have received a discharge of their personal guarantee's and debts." ECF No. 24-4 at 5. Attorney Eisweirth, responded, "I will be going straight to district court without concern of any discharge." ECF No. 24-5.

Despite actual knowledge of the discharge, TBI continued to pursue its claims against the Wallaces by submitting an arbitration demand, naming Mr. Wallace as the respondent. ECF No. 24-6.

TBI argues that its' reasonable interpretation of the ruling in *White v. Neilson*, 383 F.3d 922 (9th Cir. 2004) relieves TBI of civil contempt for willful violation of the discharge injunction. TBI asserts that *White* supports the proposition that unscheduled debts are not discharged in no asset, no claim bar date chapter 7 cases. ECF No. 39 at 6. TBI's interpretation is plainly wrong. In *White v. Neilson*, the Ninth Circuit held that in no-asset, no claim bar date chapter 7 cases, unscheduled dischargeable debts *are discharged* regardless of whether a creditor receives notice. *See White*, 383 F.3d at 926–27. That is, because there is nothing to distribute in no asset chapter 7 cases, a creditor is not prejudiced by a discharge due to lack of notice.

Treatment of nondischargeable debts based on fraud, for example, differs. The Fifth Circuit has held that a non-dischargeable debt is not automatically discharged "if the debtor fails to schedule the creditor *and* the creditor had no notice or *actual knowledge* of the case in time to file a claim and request for determination of dischargeability." *Neeley v. Murchison*, 815 F.2d 345, 347 (5th Cir. 1987). Here, although the Wallaces failed to amend their schedules to reflect TBI and Cook as creditors, TBI and Cook received notice of the Wallaces's bankruptcy and the automatic stay on June 19, 2024. ECF No. 24-2. The meeting of creditors occurred a day prior, on June 18, 2024. TBI was required to file a complaint to determine any nondischargeable debt within 60 days after the date of the § 341 meeting of creditors. FED. R. BANKR. P. 7004(c). TBI did not. TBI was required to object to discharge by July 19, 2024. TBI did not.

There is no fair ground of doubt that TBI's actions violated the discharge injunction. TBI's attempt to evade these deadlines by emailing a demand letter and seeking arbitration against the Wallaces constitute a willful violation of the discharge injunction. TBI is found in civil contempt of the Court.

Lastly, TBI argues that the Wallaces have not demonstrated any actual harm to warrant summary judgment or contempt sanctions. ECF No. 39 at 8. Damages will be determined at the future contempt hearing.

### B. Cook's Liability

With respect to Cook, Eisweirth argues that Cook did not willfully violate the discharge injunction because the demand letter was sent on behalf of TBI, not Cook. The Court is not persuaded.

Eisweirth is both TBI's and Cook's attorney. Although the letter was allegedly sent on behalf of TBI, the letter contains a demand by Cook and is replete with allegations that Cook was harmed by the Wallaces's prepetition conduct:

- "Mr. Cook paid $35,000 for a comprehensive solution designed to launch a private label product on Amazon. Despite this significant investment, and subsequent payments, Eminent Econ failed to provide the promised services, leading to substantial financial harm and damage to Mr. Cook." ECF No. 24-3 at 1.

- "Eminent Ecom promised that Andrew Cook would see a substantial return on his investment through their expertise in product selection, supplier management, and marketing. Instead, the product was poorly chosen, the suppliers were unreliable, and the marketing efforts were inadequate, resulting in less than $8,000 in sales over seven months." ECF No. 24-3 at 1.

- "Despite charging $8,747.50 for marketing services in September 2023, Eminent Ecom's PPC campaigns yielded a negative return, and Mr. Cook's [sic] continued to incur costs without any meaningful guidance or results from the company." ECF No. 24-3 at 2.

- "Mr. Cook possesses several claims against Eminent Ecom and you [the Wallaces], personally . . . ." ECF No. 24-3 at 2.

- "You, Clint and Sarah Wallace knowingly misrepresented the services and outcomes promised to Andrew Cook, intending to deceive him into entering the agreement." ECF No. 24-3 at 2.

- "Eminent Econ wrongfully retained the $35,000 paid by Andrew Cook without providing the promised value." ECF No. 24-3 at 2.

- "Under the DTPA, Mr. Cook is entitled to recover economic damages, as well as attorneys' fees, court costs, and potentially treble damages due to the willful and malicious nature of your actions." ECF No. 24-3 at 2.

The undisputed evidence shows Cook knew of the discharge and intended to assert and collect on his personal prepetition claim against the Wallaces.

As discussed *supra*, Cook is liable for the actions of his attorney. Cook is found in willful violation of the discharge injunction.

### III. SANCTIONS

Cook seeks Bankruptcy Rule 9011 sanctions against the Wallaces for prosecuting the willful violation of discharge injunction claim against Cook based on "factually unsupported and legally frivolous" grounds. For the reasons stated *supra*, sanctions against the Wallaces are unwarranted. ECF No. 31. The Motion is denied.

### CONCLUSION

A separate order will be entered. The appropriate amount of attorneys' fees will be determined following the upcoming September trial.

SIGNED 08/19/2025

_____
Marvin Isgur
United States Bankruptcy Judge